

# Fourth Court of Appeals
## San Antonio, Texas

December 29, 2017

No. 04-17-00410-CV

Henry **MCCALL,**
Appellant

v.

Homer **HILLIS,**
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 14417
Honorable N. Keith Williams, Judge Presiding

# O R D E R

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

On July 10, 2017, before the appellate record had been filed, appellant filed his appellant's brief. On July 18, 2017, we struck appellant's brief, explaining that because the appellate record had not been filed, appellant's brief was not yet due. We also explained that the brief violated Texas Rule of Appellate Procedure 38 because it did not include references to the appellate record. We further explained that appellant should file his brief after the appellate record had been filed. Despite our order, on August 31, 2017, appellant yet again filed a brief before the entire appellate record had been filed.

On September 12, 2017, after reviewing the clerk's record, we noted that the order granting summary judgment signed by the trial court was not a final, appealable order. We therefore ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On September 25, 2017, a supplemental clerk's record was filed, which included a final judgment signed by the trial court on September 21, 2017. Therefore, we retained this appeal on the docket of the court.

On September 28, 2017, we issued an order, noting that the court reporter had filed a notification of late reporter's record that stated appellant had failed to request or make arrangements to pay the fee for preparation of the reporter's record. Shortly thereafter, appellant filed proof that he had requested preparation of the reporter's record. Appellant also filed a statement of inability to afford payment of court costs.

On October 6, 2017, we abated the appeal and ordered the trial court to hold a hearing on whether appellant could proceed without payment of costs. On October 20, 2017, the trial court found that appellant is indigent and entitled to a free appellate record. On November 3, 2017, the last supplemental clerk's record was filed. On November 8, 2017, we explained that the court reporter had informed this court that no record had been taken of the motion for summary judgment hearing. Thus, the appellate record was finally complete, and we ordered appellant's brief due on December 8, 2017.

Since our order of November 8, 2017, appellant has not filed a new brief. The brief appellant filed back on August 31, 2017 does not contain references to the appellate record in violation of Texas Rule of Appellate Procedure 38. As explained previously, the reason appellant's brief does not include references to the appellate record is because appellant filed his brief before the appellate record was filed. While substantial compliance with Rule 38 is sufficient, this court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See* TEX. R. APP. P. 38.9(a). We conclude appellant's brief flagrantly violates Rule 38. For example, appellant's brief cites "Homer Hillis deposition, page 12, lines 1-25." Texas Rule of Appellate Procedure 38.1 requires appellant to cite to the page of the appellate record. That is, if appellant wishes to cite to the deposition of Homer Hillis, he must locate where in the appellate record such page is located.

We, therefore, ORDER Appellant Henry McCall to file an amended brief within twenty days from the date of this order. If the amended brief does not correct the violations, we may strike the brief and prohibit Appellant Henry McCall from filing another. *See* TEX. R. APP. P. 38.9(a); *see also id.* 42.3(c) (allowing dismissal of appellant's case if appellant fails to comply with a requirement of the Texas Rules of Appellate Procedure or an order of this court).

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of December, 2017.

_____
KEITH E. HOTTLE,
Clerk of Court